## FLETCHER *v.* NEW YORK LIFE INS. CO.*

*(Circuit Court, E. D. Missouri. May 1, 1882.)*

**INSURANCE—APPLICATION—CONTRACTS—EVIDENCE.**

Where a party desiring insurance signed a written application therefor, containing certain questions and answers concerning matters material to the risk, and which also contained the following agreement, viz.: "And I do hereby agree that the statements and representations contained in the foregoing application and declaration shall be the basis of the contract between me and the said company, the fullness of which statements and representations I do hereby warrant; and that if the same, or any of them, are in any respect untrue the policy which may be issued thereon shall be void, and all moneys which may have been paid on account of such insurance shall be forfeited to said company; and inasmuch as only the officers at the home office of the company, in the city of New York, have the authority to determine whether or not a policy shall issue on any application, and as they act on the written statements and representations referred to, it is expressly understood and agreed that no statements, representations, or information made or given by or to the person soliciting or taking this application for a policy, or to any other person, shall be binding on the company, or in any manner affect its rights, unless such statements, representations, or information be reduced to writing and presented to the officers of the company, at the home office, named in the above application;" and a copy of the application was attached to the policy when issued: *held*, in a suit on the policy, to which the defendant set up as a defence the fact that the application contained two false answers material to the risk, that the assured was bound by such answers, and that oral evidence was inadmissible which tended to prove that such answers had been reduced to writing by the soliciting agent of the defendant, by whom the questions to which such answers were appended had been propounded to the assured, and who had undertaken to insert the assured's answers; and that the assured's answers to such questions had been true, and that he signed the application supposing it contained the answers given by him.

Motion for a New Trial.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

For report of case and charge of court see 11. FED. REP. 377.

This was a suit upon a policy of insurance upon the life of C. S. Alford, deceased. The application upon which said policy was issued was signed by the applicant, and contained the following clause, viz.:

"And I do hereby agree that the statements and representations contained in the foregoing application and declaration shall be the basis of the contract between me and the said company, the fullness of which statements and representations I do hereby warrant, and that if the same or any of them are in any respect untrue the policy which may be issued thereon shall be void, and all moneys which may have been paid on account of such insurance shall be forfeited to said company; and inasmuch as only the officers at the home office of the company, in the city of New York, have authority to determine whether or not a policy shall issue on any application, and as they act on the written statements and representations referred to, it is expressly understood and agreed that no statements, representations, or information made or given by or to the person soliciting or taking this application for a policy, or to any other person, shall be binding on the company, or in any manner affect its rights, unless such statements, representations, or information be reduced to writing and presented to the officers of the company at the home office named in the above application."

A copy of said application was attached to the policy when issued and delivered to the insured. The policy was not countersigned by the local agent.

At the trial plaintiff introduced evidence (all of which was objected to by the defendant) tending to prove that the agent of the defendant who took the assured's application had examined him upon the questions contained in said application, and had undertaken to fill out the blanks in the application with the applicant's answers; that the assured answered all questions truly, and that certain false answers contained in said application had been inserted therein by defendant's agent without the assured's knowledge; and that the latter had signed the application, supposing it contained his answers as given.

Defendant's motion for a new trial was upon the following among other grounds: That under the stipulations of the contract between the parties it was erroneous to admit testimony of declarations made to the soliciting agent; that in the absence of evidence of fraud or imposition it was error to submit to the jury the question whether the application was knowingly signed; that the court erred in refusing to charge that plaintiff's testator, by accepting the policy sued on, with copy of the application signed by him as part thereof, was not bound by the statements and answers contained in it; that there was error in excluding testimony offered by defendant.

*Carr & Reynolds,* for plaintiff.

*Overall, Judson & Tutt,* for defendant.

TREAT, D. J. As heretofore stated, the pleadings led the court to make many erroneous rulings concerning the admission and rejection of testimony. An effort was made in the instructions, by the consent of the plaintiff, to avoid such errors, the rulings having been mainly against the plaintiff. But the defendant is before the court to take advantage of erroneous rulings, which he has a right to do. Hence this court, admitting its errors during the trial, must grant the motion.

The more important propositions submitted by the defendant the court does not now pass upon, although its impressions with respect thereto are strongly against the defendant. If a foreign corporation transacts business in Missouri by virtue of its laws, can it, by clauses inserted in its policy, take itself out of the force of Missouri laws? It is not proper to discuss that question now. But for the errors committed as to the rejection and admission of testimony objected to, the court would so rule as to compel a decision on the main question, viz., whether a foreign insurance company doing business in Missouri can escape the consequences of the Missouri statutes by any terms or contrivances, written or oral, for that purpose. It is to be regretted that this case must be tried again, and it is to be desired that before the next trial the pleadings, by proper motion, may be made to raise questions of fact alone, so that the court may be duly advised as to what facts are committed to the jury, reserving to the court the legal propositions arising.

Motion for new trial is sustained.